UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Anthony Weston, | Case No. 25-CV-1718 (JRT/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Jessica Petes, | |
| Defendant. | |

This matter is before the Court on Plaintiff Anthony Weston's application to proceed *in forma paupers* ("IFP") status ("IFP Application") (ECF No. 2). Mr. Weston, a prisoner, asserts that St. Louis County jail officials have violated several of his constitutional rights ("Amended Complaint") (ECF No. 6). The Court previously ordered Mr. Weston to submit additional financial information as required by law, *see* 28 U.S.C. § 1915(a), so the Court could consider his IFP Application. (ECF No. 3). Mr. Weston provided the requested information on May 5, 2025 (ECF No. 4), and the Court now addresses his IFP Application pursuant to 28 U.S.C. § 1915 *et seq.*

## LEGAL STANDARD

Mr. Weston is currently incarcerated at the St. Louis County jail and is thus considered a prisoner within the meaning of 28 U.S.C. § 1915(h). His IFP Application is therefore subject to the requirements set forth in 28 U.S.C. § 1915(b). According to that statute — which is part of the Prison Litigation Reform Act of 1995 ("PLRA") — prisoners who are granted IFP status are not excused from paying the court filing fee altogether, as is the case for non-prisoner IFP litigants. Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount up front. *Ashley v. Dilworth*, 147 F.3d 715, 716

(8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time.").

However, pursuant to Section 1915(g),

> in no event shall a prisoner bring a civil action …. under this section [i.e., proceed *in forma pauperis* ("IFP")] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This provision is often described as the "3 Strikes Rule".

## ANALYSIS

Mr. Weston has already accumulated at least three strikes under 28 U.S.C. § 1915(g) as set forth below. His IFP Application is therefore denied.

In *Anthony Weston v. St. Louis Cty. Jail, et al.*, Case No. 21-CV-2603 (NEB/DTS) (D. Minn.) ("Strike One"), Mr. Weston sued the St. Louis County jail and the Douglas County jail. *Id.* (ECF No. 1). The court dismissed Mr. Weston's complaint without prejudice for failure to prosecute and for failure to state a claim. *Id.* (ECF No. 6).

In *Anthony Weston v. Jessica Petes*, Case No. 22-CV-0030 (KMM/LIB) (D. Minn.) ("Strike Two"), Mr. Weston sued the St. Louis County jail administrator claiming that she was negligent in approving his transfer from a facility in Minnesota to a facility in Wisconsin. *Id.* (ECF No. 7). Upon review of Mr. Weston's complaint pursuant to 28 U.S.C. § 1915A(a), the court recommended that the lawsuit be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) for failure to state a plausible claim for relief. *Id.* The District Judge adopted this recommendation without objection. *Id.* (ECF No. 8).

In *Anthony Weston v. Paul Coughlin*, Case No. 22-CV-1464 (WMW/LIB) (D. Minn.) ("Strike Three"), Mr. Weston sued an unidentified Carlton County jail official for allowing his public defender to enter the facility without verifying that he followed the appropriate quarantine procedures. *Id.* (ECF No. 4). Upon preservice review of Mr. Weston's Complaint pursuant to 28 U.S.C. § 1915A(a), the court recommended that the lawsuit be dismissed without prejudice under 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. *Id.* (ECF No. 4). The District Judge adopted this recommendation without objection. *Id.* (ECF No. 5).

In Strikes One, Two, and Three, Mr. Weston's lawsuits were "dismissed for failure to state a claim." Therefore, pursuant to 28 U.S.C. § 1915(g), to commence this action, Mr. Weston must pay the full filing fee of $405.00 unless he can establish that "he is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Charron v. Allen*, 37 F.4th 483, 486 (8th Cir. 2022) ("Section 1915(g) does not prohibit prisoners from pursuing legal claims … It only limits their ability to proceed in forma pauperis.") (quoting *Lyon v. Krol*, 127 F.3d 763, 765 (8th Cir. 1997)).

In considering this exception, the United States Court of Appeals for the Eighth Circuit has held that "the requisite imminent danger of serious physical injury must exist at the time the complaint or appeal is filed, not when the alleged wrongdoing occurred." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). "Absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury," "general" or "conclusory assertions" are insufficient to invoke the exception to Section 1915(g). *Id.* (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 n.1 (3d. Cir. 2001) (en banc)).

While Mr. Weston's Amended Complaint (ECF No. 6) asserts claims of medical negligence, he fails to provide any facts describing what was negligent about the medical care he

was (or was not) receiving at the St. Louis County jail. Indeed, none of Mr. Weston's pleadings describe facts that would give rise to a reasonable inference that he is in danger of any physical injury, imminent or otherwise. Absent such facts, his claims are purely conclusory and thus insufficient to show a "likelihood of imminent serious physical injury" necessary to satisfy Section 1915(g). Mr. Weston's IFP Application (ECF No. 2) is therefore denied.

## CONCLUSION

If Mr. Weston decides to pursue this action, he must pay the full $405 filing fee by **June 27, 2025**, failing which the Court will recommend dismissing the action without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b). The Court also reminds Mr. Weston, that should he pay the full filing fee, his Amended Complaint (ECF No. 6) will still be subject to review pursuant to 28 U.S.C. § 1915A to determine, for example, whether it states a cause of action on which relief can be granted. If the Court finds that it does not state a viable cause of action, his Complaint will be dismissed and the fee he paid will not be refunded.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Plaintiff Anthony Weston's application to proceed *in forma pauperis* (ECF No. 2) is **DENIED**.

2. Mr. Weston must pay the full filing fee for this action **($405.00)** by **June 27, 2025**, failing which this Court will recommend that this action be dismissed without prejudice for failure to prosecute.

Dated: June 6, 2025

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge